UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


PETER LEWIS CRAWLEY, JR.,

            Plaintiff,

v.                                    Case No. 3:05-cv-835-J-20TEM

ATTORNEY GENERAL, et al.,

            Defendants.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

On September 2, 2005, Plaintiff Peter Lewis Crawley, Jr., an inmate of Baker Correctional Institution Work Camp, who is proceeding *pro se*, initiated this case by filing an civil rights Complaint (Doc. #1), in which he includes allegations concerning his conditions of confinement as well as claims against the Honorable Chet A. Tharpe, a state court judge in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.[1]

Any request for monetary damages is in the nature of a civil rights action, while a request for release from prison is in the nature of habeas corpus pursuant to 28 U.S.C. § 2254. Further, any claims concerning the ineffectiveness of counsel or challenging the

---

[1] This Court takes judicial notice of Plaintiff's previously-filed case (8:05-cv-1464-T-27TBM), in which Plaintiff has also named the Honorable Chet A. Tharpe as a Defendant. In that case, Plaintiff claims Defendant Tharpe committed fundamental error when he denied Plaintiff's request to discharge the public defender in Plaintiff's state court criminal proceeding.

duration of confinement should be raised in a habeas corpus petition, while any claims concerning conditions of confinement (such as assault by another inmate) should be raised in a civil rights complaint.

If Plaintiff chooses to refile, the filing fee for a habeas corpus case is $5.00, and the filing fee for a civil rights case is $250.00.  Or, he should complete an Affidavit of Indigency if he wishes to proceed as a pauper.

The Clerk of the Court will be ordered to send Plaintiff the proper forms for Plaintiff's future use.  Plaintiff further must exhaust the state court remedies with regard to any habeas corpus claims and must exhaust his administrative grievance remedies (pursuant to the administrative grievance procedure available at Baker Correctional Institution) with regard to his civil rights claims.

For these reasons, this case will be dismissed without prejudice to the right of Plaintiff to refile on the proper form. Plaintiff is reminded that seeking a release from incarceration is the appropriate relief sought only in a habeas corpus case. Seeking compensatory damages is appropriate in a civil rights case.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.    The Clerk of the Court shall send a civil rights complaint form, a habeas corpus petition form and an Affidavit of Indigency form to Plaintiff.

3.    The Clerk of the Court shall enter judgment **dismissing this case without prejudice.**

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _12__ day of September, 2005.

UNITED STATES DISTRICT JUDGE

sc 9/6
c:
Peter Lewis Crawley, Jr.

3